IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**ROLAND G. MCKIND,**

    Plaintiff,

    v.

**MTGLQ INVESTORS, L.P.,**

    Defendant.

CASE NO. 3:25 CV 2097

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

This action was removed from the Lucas County Court of Common Pleas by the Defendant on the basis of diversity of citizenship. (Doc. 1). Plaintiff originally brought this action in state court to contest the foreclosure judgment in another state court case. *See* Doc. 1-1, at 5-9. He does not assert any specific legal claims in this action, concentrating instead on attacking the judgment in the prior case and actions taken relevant thereto. *See id.* He filed a Motion for Temporary Restraining Order asking the Court to stop the execution of the judgment in the foreclosure case. *Id.* at 64-66. He seeks monetary damages for a "wrongful[] lawsuit and foreclose[ure.]" *Id.* at 5. (capitalization altered).

Upon review, the Court concludes this action must be dismissed.

### BACKGROUND

In July 2022, Lucas County Court of Common Pleas Judge Eric Allen Marks issued a judgment against Plaintiff. *MTGLQ Investors US Bank NA v. McKind*, No. G-4801-CI-0202001327-000 (Lucas Cnty. Comm. Pl. Ct.) (July 13, 2022). On September 12, 2022, the trial court issued findings of fact and conclusions of law relative to the judgment against plaintiff; this

granted MTGLQ judgment in foreclosure and ordered sale of the property. *See MTGLQ Invs., L.P. v. McKind*, 2024 WL 5103713, at *2-3 (Ohio Ct. App.). Plaintiff filed an appeal of that decision and later orders by the trial court; he also filed numerous Motions to Vacate the Judgment, but all were denied by the trial court. *See id.* at *3. The Ohio Sixth District Court of Appeals affirmed the judgment of the trial court in December 2024. *Id.* at *5-6.

Plaintiff began filing actions in this federal court to collaterally attack the state court foreclosure judgment. *McKind v. Lucas Cnty. Bd. of Comm'r*, No. 3:23-cv-00467 (N.D. Ohio) (May 23, 2023, order dismissing claims against the Lucas County Commissioners and Judge Marks citing judicial immunity, Rooker-Feldman Doctrine, and *res judicata*); *McKind v. U.S. Bank Nat'l Ass'n*, No. 3:23-cv-00882 (N.D. Ohio) (Aug. 23, 2023, order dismissing claims against U.S. Bank PHH Mortgage Corporation, MTGLQ Investors, L.P., and Shellpoint Mortgage citing Rooker-Feldman Doctrine and *res judicata*). The Sixth Circuit affirmed each of these dismissals. *See McKind v. Lucas Cnty. Bd. of Comm'rs*, 2024 WL 3100784 (6th Cir.); *McKind v. U.S. Bank Nat'l Ass'n*, 2024 WL 4008768 (6th Cir.).

Plaintiff has now filed this lawsuit in the Lucas County Common Pleas Court to collaterally attack the judgment in the foreclosure action. *See* Doc. 1-1, at 5-9. He challenges the assignment of the mortgage to Defendant. *Id.* at 5-6. He contends that, despite his presentation of evidence that the assignment was not proper, Defendant has continued to move forward with the sale of the property. *Id.* at 7. The Complaint is captioned, "Wrongful[] Lawsuit and Foreclos[ure.]" *Id.* at 5. No legal claims are expressly presented in the body of the Complaint. Plaintiff seeks an order preventing the sale of the property in the foreclosure case (*id.* at 64-66), and monetary damages from the Defendant for "act[ing] in bad faith and willful and wanton disregard to [his] legal rights[,]" *id.* at 8.

2

**STANDARD OF REVIEW**

The Court must construe a *pro se* plaintiff's complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also authorized where the asserted claims lack an arguable basis in law necessary to invoke subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 320 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir. 1990).

**DISCUSSION**

As an initial matter, Plaintiff cannot overturn a judgment in one case by filing a new action, and cannot relitigate issues which were already decided in the prior case. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The term "*res judicata*" literally means "a thing adjudicated", and is defined as "[a]n issue that has been definitively settled by judicial decision." *Res judicata*, BLACK'S LAW DICTIONARY (12th ed. 2024). When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars

3

relitigation of every issue actually brought before the initial court and every issue or defense that should have been raised in the previous action. *Id.*

Further, this court must give full faith and credit to state court judgments. Therefore, when a party is barred by *res judicata* from bringing a second action in state court, he or she cannot bypass that procedural bar by filing the case in federal court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises in the same or a different claim. *Id.*

This case is barred by issue preclusion. Plaintiff already raised objections to the Defendant's assignment of mortgage both in the state court foreclosure action and in this federal court. *McKind v. U.S. Bank Nat'l Ass'n*, No. 3:23-cv-00882 (N.D. Ohio). The state court determined that there was no fraud in the assignment and entered judgment against Plaintiff. That issue is barred by *res judicata* and cannot be litigated again in this case. *See McKind v. U.S. Bank Nat'l Ass'n*, 2024 WL 4008768, at *3 ("[A]s the district court pointed out, res judicata barred the litigation of claims that were or could have been litigated in the state foreclosure action.").

Moreover, even if this action were not barred by *res judicata*, Plaintiff failed to identify any legal claims upon which he can base his action. The United States Sixth Circuit Court of

4

Appeals has already informed Plaintiff that Ohio does not recognize a cause of action for wrongful foreclosure. *See McKind v. U.S. Bank Nat'l Ass'n*, 2024 WL 4008768, at *3 (6th Cir.). No other causes of action are apparent on the face of the Complaint. This sole purpose of this case appears to be to obtain what is in effect appellate review of another court's judgment. This Court lacks subject matter jurisdiction to conduct appellate review of a state court judgment or grant relief from that judgment or any orders issued in that case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for a Temporary Restraining Order (Doc. 1-1, at 64-66) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999);[1] and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 22, 2025

---

1. Because the Court finds this matter is otherwise barred "no longer open to discussion[,]" *Apple*, 183 F.3d at 479, and subject to *sua sponte* dismissal on that basis, it need not reach the arguments presented by Defendant's Motion to Dismiss (Doc. 5).

5